THE STATE, DEFENDANT IN CERTIORARI, v. A. FRED-
ERICK REINERS, GEORGE MONTGOMERY AND
THOMAS SHRIEL, DEFENDANTS-PROSECUTORS.

Submitted March 18, 1910—Decided June 14, 1910.

An indictment which charges two or more persons with conspiracy
    to procure a married woman to commit the crime of adultery,
    and that in execution of that purpose did attempt to procure,
    and did procure, certain men, to the grand inquest unknown, to
    have illicit, sexual and carnal intercourse with her, and that the
    men attempted to have illicit, sexual, carnal intercourse with such
    married woman, sufficiently charges the crime of conspiracy under
    the laws of this state.

On motion to quash indictment for conspiracy found in the
Atlantic County Court of Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and VOORHEES.

For the motion to quash, *George A. Bourgeois.*

*Contra,* Clarence L. *Goldenberg,* prosecutor of the pleas.

The opinion of the court was delivered by

BERGEN, J. This indictment was brought to this court by
*certiorari* from the Atlantic County Oyer and Terminer, and
is here subjected to a motion to quash. The first count charges
the defendant with procuring the wife of A. Frederick Reiners
to have sexual intercourse with men other than her husband,
that is, to commit the crime of adultery, for the purpose of
procuring evidence, to be used against her, of the commission
of such crime; that the defendants attempted to procure, and
did procure, men whose names were unknown to the grand in-
quest, to have illicit sexual intercourse with the wife, and
offered such men large sums of money to have such illicit in-

tercourse with her, and that the said men did attempt to have sexual intercourse with her.

The crime charged in this count of the indictment is, that the defendants conspired to procure the commission of the crime of adultery, and in execution thereof procured men by the offer of money, to have illicit carnal intercourse with a married woman, and that these men attempted to carry out the purpose of the conspiracy. The conspiracy, or unlawful agreement, was complete when the defendants combined to accomplish the adultery of the wife, coupled with the procuring of the men to effect the unlawful purpose, and the attempt of the men to carry it out, was an overt act in the execution of the conspiracy to induce the woman to commit adultery. That the attempt did not succeed is not material.

The argument advanced in support of the motion to quash is that to solicit one to commit adultery is not a common law crime, and therefore a conspiracy to procure the commission of adultery is not a conspiracy to have a crime committed, and, consequently, this indictment would not be good under the common law. It is further urged that our statute does not in terms embrace a conspiracy of this character, and, therefore, as the indictment cannot be supported under statute or common law, it charges no indictable offence. These arguments have no legal foundation. Adultery is made a crime by statute in this state, and to procure the commission of adultery is to procure the commission of a crime. The statute of this state, regarding conspiracies (*Pamph. L.* 1899, *p.* 214), declares it to be a crime to conspire to commit any act for the "perversion or obstruction of justice or the due administration of the laws," and this court in *State* v. *Nugent,* 48 *Vroom* 84, in dealing with an indictment charging defendants with procuring the illegal registration of voters, said, that whether the acts charged were criminal or only penal, they were in any aspect perversive of the due administration of the law, and that if there was a design to procure a disqualified voter to vote, followed by an overt act in pursuance of that design, the conspiracy was complete, although the purpose failed.

An agreement to procure a woman to commit the crime of adultery, followed by the hiring of a person to assist in procuring the crime to be committed, and the attempt of the employed to have the purpose of the illegal agreement carried out, although the attempt fails, is a conspiracy to pervert the due administration of the law, and those who combine for such purpose and then attempt to carry it out in the manner charged against these defendants in this indictment, are persons guilty of a perversion or obstruction of justice or the due administration of the laws, and this count properly charges them with that offence.

The second count charges that the same defendants conspired to procure the same woman to be drugged and plied with intoxicating liquors to the extent of intoxicating her, and while in such condition to be placed and thrown in the company of Thomas Shriel, one of the defendants, and other men to the grand inquest unknown, so that such men might be able to commit adultery with her for the purpose of procuring evidence which would enable her husband to maintain a suit against her for divorce, and that in execution of that purpose, procured with money certain other men to have illicit intercourse with her, and that the said men caused her to partake of liquor and thereafter took her to places where they might be able to have her commit adultery, and did attempt to have intercourse with her, and upon the evidence so procured of her adultery, or supposed adultery, her husband filed his petition for a divorce from her in the Court of Chancery of this state. This count clearly charges a conspiracy to pervert the due administration of the laws of this state. As both counts properly charge the crime of conspiracy, the motion to quash is denied, and the clerk of this court will return the indictment to the court from which it was removed, there to be proceeded on as if the writ of *certiorari* in this case had not been allowed.